UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Steven McKelvey, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>United States of America, )<br>)<br>Respondent. )<br>) | Cr. No.: 6:00-cr-00380-GRA-1<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court on Petitioner Steven McKelvey's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). For the reasons set forth below, Petitioner's § 2255 Petition is DENIED.

## Standard of Review

Petitioner brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972).

## Background

On December 21, 2000, a jury found Petitioner guilty of both conspiracy to possess with intent to distribute fifty (50) grams or more of crack cocaine in violation of 21 U.S.C. § 846 and possession with intent to distribute more than five (5) grams

of crack cocaine in violation of 21 U.S.C § 841(a)(1) and 18 U.S.C. § 2.  ECF No. 57.  Due to Petitioner's two prior felony drug convictions, he fell within the enhanced punishment provision of 21 U.S.C. § 841(b)(1)(A).  Thus, on July 30, 2001, this Court sentenced Petitioner to the statutory minimum, life imprisonment.  ECF No. 85.  Subsequently, Petitioner appealed his conviction to the Fourth Circuit Court of Appeals.  *See* ECF No. 87.  The Fourth Circuit affirmed Petitioner's conviction and entered its judgment on May 21, 2002.  ECF No. 108.  Petitioner did not seek a writ of certiorari from the United States Supreme Court.

Petitioner filed the present Petition on March 19, 2013,[1] asking this Court to vacate his sentence pursuant to 28 U.S.C. § 2255.  ECF No. 145.  On May 22, 2013, this Court ordered Petitioner to show that his §2255 Petition was timely filed within fifteen (15) days.  ECF No. 142.  Petitioner filed his response on June 4, 2013.  ECF No. 148.

## **Discussion**

In 1996, the Anti-Terrorism and Effective Death Penalty Act (AEDPA) instituted a one-year statute of limitations for filing motions pursuant to 28 U.S.C. § 2255.  This limitations period may be raised *sua sponte* by the Court.  *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002). The AEDPA's amendments to 28 U.S.C. § 2255 provide, in relevant part, that:

---

[1] A *pro se* prisoner's petition is deemed filed at the time that it is delivered to the prison mailroom to be forwarded to the district court.  *See Houston v. Lack*, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L.Ed.2d 245 (1988).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The limitations period began to run on Petitioner's § 2255 petition after his judgment of conviction became final. According to *Clay v. United States*, 537 U.S. 522 (2003), "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Id.* at 532. Defendants have ninety (90) days after the entry of judgment by the court of appeals to seek certiorari from the Supreme Court. Sup. Ct. R. 13. At the end of this period, the judgment of conviction becomes final.

In this case, the Fourth Circuit issued its judgment on May 21, 2002, and Petitioner's conviction became final ninety (90) days later on August 19, 2002. Thus, the one-year period of limitations to file a motion pursuant to § 2255 expired on August 19, 2003. The current motion was filed by Petitioner on March 19, 2013. Thus, the motion clearly appears untimely on its face.

However, the AEDPA's one-year time bar can be subject to equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325, 329–30 (4th Cir. 2000). Only rarely will circumstances warrant equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Equitable tolling is only appropriate when a petitioner presents "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Id.*

In his response, Petitioner relies on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012) to argue that a procedural default should not bar this Court from hearing his "substantial claim of ineffective assistance" of counsel. ECF No. 148. However, the Court finds that Petitioner's reliance on *Martinez* is misplaced, and Petitioner cannot rely on that case to argue his trial counsel's alleged ineffective assistance allows him to avoid § 2255's time bar.

In *Martinez*, the Supreme Court held:

> Where, under state law, claims of ineffective assistance of counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 132 S. Ct. at 1320.  The Court defined "initial-review collateral proceedings" as "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial."  *Id.* at 1315.

While this § 2255 Petition serves as Petitioner's federal initial-review collateral proceeding, Petitioner's case is clearly distinguishable from *Martinez*.  First of all, Petitioner is in federal custody rather than state custody like the petitioner in *Martinez*.  Moreover, Petitioner is not seeking habeas relief from the outcome of a state court initial-review collateral proceeding.   Finally, *Martinez* addressed whether a procedural bar, rather than a time bar, should apply to an ineffective assistance of counsel claim from a state habeas proceeding.  As such, *Martinez* is inapplicable to federal convictions and has no effect on the timeliness of Petitioner's § 2255 Petition.  *See United States v. Juarez*, Nos. 3:09cr6/MCR, 3:12cv538/MCR/EMT, 2013 WL 791066, at *3 (N.D. Fla. Jan. 31, 2013) (finding *Martinez* inapplicable to federal convictions).  Accordingly, the Court finds that Petitioner has failed to prove that he is entitled to the equitable tolling of the AEDPA's one-year statute of limitations.

## Conclusion

A review of Petitioner's § 2255 Petition and the record plainly shows that Petitioner is not entitled to relief.  Therefore, this Court shall deny the Petition.  The Court declines to issue a certificate of appealability in this matter.[2]

---

[2] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255.  The Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322 (2003) (to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district

**IT IS THEREFORE ORDERED** that Petitioner's § 2255 Petition is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

June  12 , 2013
Anderson, South Carolina

---

court's assessment of the constitutional claims debatable or wrong) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).