UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Steven McKelvey, | ) | |
| | ) | Cr. No.: 6:00-cr-00380-GRA-1 |
| Petitioner, | ) | (C/A No.: 6:13-cv-01490-GRA) |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| United States of America, | ) | (Written Opinion) |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before this Court upon Petitioner Steven McKelvey's ("Petitioner's") *pro se* motion to alter judgment. ECF No. 152. Specifically, in light of *Descamps v. United States*, 133 S.Ct. 2276 (2013), Petitioner challenges this Court's adoption of the findings in his Presentence Investigation Report ("PSR") designating him a "career offender" pursuant to the United States Sentencing Guidelines, and his enhanced sentence based upon such classification. *Id.* For the reasons stated herein, Petitioner's motion is DISMISSED.

## Background

On December 21, 2000, a jury found Petitioner guilty of both conspiracy to possess with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 846 and possession with intent to distribute more than 5 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. ECF No. 57; *see also* ECF No. 24. On July 30, 2001, this Court sentenced Petitioner to the statutory minimum, life imprisonment. ECF No. 85. Petitioner appealed his conviction to the Fourth Circuit Court of Appeals, and on May 21, 2002, the Fourth Circuit entered judgment affirming Petitioner's conviction and sentence. ECF Nos. 87, 106, 108.

On May 23, 2003, Petitioner moved, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence on grounds of newly discovered evidence, alleged withholding of Brady material, and purported governmental fraud. *McKelvey v. United States*, No. 6:03-cv-01764-GRA (D.S.C.) at EFC No. 1.[1] This Court dismissed Petitioner's motion on October 22, 2003. *Id.* at ECF No. 17. Thereafter, Petitioner appealed to the Fourth Circuit, s*ee id.* at ECF No. 20, which dismissed Petitioner's appeal on July 16, 2004. *Id.* at ECF No. 25.

As a result, on May 6, 2005, Petitioner moved, pursuant to Federal Rule of Civil Procedure 60(b), for this Court to reconsider its decision to dismiss his § 2255 claim. *Id.* at ECF No. 27. This Court denied Petitioner's Motion for Reconsideration on June 9, 2005, *Id.* at ECF No. 28, and Petitioner filed a motion for a certificate of appealability on July 22, 2005. *Id.* at ECF No. 30. On August 23, 2005, this Court denied Petitioner's request for a certificate of appealability. *Id.* at ECF No. 36. On October 17, 2005, Petitioner appealed this Court's denial to the Fourth Circuit and simultaneously filed another motion for a certificate of appealability with this Court. *See id.* at ECF Nos. 37 & 38. This Court again declined to grant Petitioner's request on October 19, 2005. *Id.* at ECF No. 42. On October 31, 2005, the Fourth Circuit issued an opinion dismissing Petitioner's appeal of this Court's August 23, 2005 Order denying his request for a certificate of appealability, and construed Petitioner's notice of appeal as an application to file a successive § 2255 motion, which the Fourth Circuit declined to authorize. *Id.* at ECF No. 44.

---

[1] The undersigned takes judicial notice of Petitioner's previous, related federal court proceedings in this district. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

On February 13, 2006, the Fourth Circuit denied Petitioner's request pursuant to 28 U.S.C. § 2244 for authorization to file in the district court a successive application for habeas relief. ECF No. 111. On March 21, 2013, Petitioner filed a second § 2255 motion requesting relief in light of new Supreme Court precedent, which this Court denied on June 12, 2013. ECF Nos. 145 & 149.

Petitioner has now filed a motion to alter judgment pursuant to 28 U.S.C. § 2255. ECF No. 152. In his current motion, Petitioner argues that, pursuant to *Descamps v. United States*, he was improperly classified as a career offender because his presentence report did not list the criminal elements of his prior state-narcotics convictions. ECF No. 152 at 2. This, according to Petitioner, made it impossible for this Court to determine whether the elements of his state convictions matched the generic elements of the crimes. ECF No. 152 at 2. As a result, Petitioner claims that his sentencing was "in error" and "based on 'misinformation of Constitutional Magnitude [sic].'" *Id.* at 3. Petitioner further contends that *Descamps* should be applied retroactively to his narcotics convictions and that an evidentiary hearing is necessary. *Id.* at 3–4.

## **Standard of Review**

Petitioner brings this § 2255 motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

## Discussion

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera,* 617 F.3d 802, 807 (4th Cir. 2010) (per curiam). However, 28 U.S.C. § 2255(h) states that a "second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). The court of appeals will only allow a second or successive § 2255 petition if the petition contains either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)–(2). The district court lacks jurisdiction to consider a second or successive § 2255 motion without this pre-filing authorization. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (explaining that "a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals"); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

However, "not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006). "For example, when a first petition is dismissed on technical grounds, such as failure to exhaust state remedies, it is not counted; thus, a subsequent petition is not considered second or successive." *Id.* (citing *Slack v. McDaniel*, 529

U.S. 473, 485–89 (2000) ("A habeas petition in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition.")).  A "new judgment intervening between the two habeas petitions" would prevent a numerically second habeas petition from being classified as "second or successive."  *Magwood v. Patterson*, 561 U.S. 320, 341–42 (2010); *see United States v. Hairston*, No. 12-8096, 2014 WL 2600057 (4th Cir. June 11, 2014) (stating that Hairston's numerically second § 2255 motion was not a "second or successive" motion for purposes of 28 U.S.C. § 2255(h) when a state court vacated a conviction after the district court denied his first § 2255 motion, because "Hairston's claim was unripe at the time his numerically first motion was adjudicated").

Here, Petitioner's previous § 2255 petitions were adjudicated on the merits.  *See* ECF Nos. 145 & 149; *McKelvey v. United States*, No. 6:03-cv-01764-GRA (D.S.C.) at EFC Nos. 1 & 17.  Petitioner has not obtained an order from the Fourth Circuit granting him permission to file a successive motion in the district court.  Therefore, this Court does not have jurisdiction to consider Petitioner's current § 2255 motion.  Furthermore, Petitioner has not pointed to any intervening judgment that would prevent his current motion from being classified as "successive."[2]

---

[2] "The issue in *Hairston* and the two cases it primarily relied on all involved prior convictions being vacated, rather than subsequent case law concluding that a still-valid prior conviction no longer counts as a predicate offense."  *Joy v. United States*, No. 4:06-cr-01317-TLW, 2014 WL 3054727, at *2 (D.S.C. July 3, 2014) (citations omitted) (concluding that "*Hairston* does not provide Petitioner with relief" as Petitioner's case "does not involve a vacated conviction); *Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009) ("Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A):  Indeed, this is the reason why authorization is needed to obtain review of a successive petition." (emphasis in original)).  Because this case does not involve a vacated conviction, this Court finds that *Hairston* does not provide Petitioner with relief.

## **Conclusion**

This Court lacks jurisdiction to consider Petitioner's successive § 2255 petition without certification from the Fourth Circuit. As Petitioner has not obtained this authorization, this petition is subject to dismissal. Petitioner is advised that the Fourth Circuit is the appropriate court to seek pre-filing authorization so that this Court may consider any subsequent § 2255 motion. Therefore, this Court shall dismiss the motion without a hearing. This Court declines to issue a certificate of appealability in this matter.[3]

**IT IS THEREFORE ORDERED** that Petitioner's motion is DISMISSED as an uncertified, successive petition.

**IT IS SO ORDERED.**

*signature*

G. Ross Anderson, Jr.
Senior United States District Judge

July  14 , 2014
Anderson, South Carolina

---

[3] When a district court issues a final ruling adverse to the Petitioner on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. This Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").